UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
LORRAINE WETZEL,

                Plaintiff,

                               FLSA COMPLAINT
                               "ECF Case"

      -against-                            06 CIV 15190

TOWN OF ORANGETOWN,                   **BRIEANT**

                Defendant.
-----------------------------------------------------------------

      Plaintiff LORRAINE WETZEL, through her attorney, MICHAEL D. DIEDERICH, JR., complains of defendant as follows:

## PRELIMINARY STATEMENT

*Plaintiff Lorraine Wetzel is a police lieutenant employed by the defendant Town of Orangetown who has, since 2001, been seeking relief from the courts regarding defendant's ongoing discriminatory and retaliatory practices. As part of its recent retaliation, defendant is prosecuting a formal disciplinary proceeding against plaintiff (purportedly under the Rockland County Police Act). However, defendant refuses to compensate plaintiff for her time in attending these formal administrative proceedings, notwithstanding that these disciplinary proceedings necessitate her attendance as an employee. Thus, she has been deprived of compensable time, and overtime, in violation of the Fair Labor Standards Act.*

*      This action does not incorporate the claims of discrimination and reprisal found in plaintiff's pending lawsuits 03 Civ. 9896 and 06 Civ. 6117, nor her right to petition lawsuit, 06 Civ. 5144.*

## THE PARTIES

      1. Plaintiff LORRAINE WETZEL is and was at all times relevant herein a citizen of the United States and a resident of the Town of Orangetown, County of Rockland, State of New York.

2. Defendant TOWN OF ORANGETOWN (hereinafter "defendant" or "Town") is and at all times relevant herein was a municipal corporation organized and existing under the laws of the State of New York, and located within Rockland County.

3. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE ALLEGATIONS

4. This court has jurisdiction over this action under 29 U.S.C. § 216, and under 28 U.S.C. § 1331 and § 1343(4).

## FACTUAL ALLEGATIONS

*Overview relating to FLSA claim*

5. Plaintiff became employed as a police officer by defendant Town on or about June 28, 1980.

6. At that time, plaintiff became the second female police officers on the Town's police force consisting of approximately 80 to 90 men.

7. Since that time, plaintiff has observed it to be customary practice that police officers are paid for their time in attending administrative (e.g., Department of Motor Vehicle Hearings; State Liquor Authority) and judicial (both criminal and civil) proceedings when their attendance relates to their police department activities.

8. In January, 2006 plaintiff was promoted to the rank of lieutenant by the defendant's Town Board.

9. Upon information and belief, in 2006, the Town Board considered plaintiff a qualified candidate for promotion.

10.   At the time of her promotion, the Town Board was aware of the September 2004 disciplinary charges made by Chief of Police Kevin Nulty against plaintiff.

2

11. Notwithstanding the 2004 disciplinary charges, the Town Board promoted plaintiff.

12. In January 2006, defendant's attorney, Mr. Lance Klein, telephoned plaintiff's counsel and suggested that he provide the defendant Town with a settlement proposal, which plaintiff's counsel thereafter provided.

13. Thereafter, by his letter dated February 1, 2006, Mr. Klein wrote plaintiff's attorney, the undersigned, with regard to plaintiff's settlement proposal.

14. Mr. Klein, on behalf of his client, made no counteroffer to the settlement proposal presented by plaintiff's attorney in January 2006.

15. However, Mr. Klein, in his letter of February 1, 2006, indicated that if plaintiff did not drop her federal discrimination lawsuit and/or settle on his terms, that Mr. Klein would prosecute September 2004 disciplinary charges against plaintiff.

16. Plaintiff refused to be coerced by Mr. Klein into abandoning her opposition to unlawful gender discrimination and reprisal by the Town, and refused to drop her federal discrimination lawsuit.

17. The Town's thereafter prosecuted baseless disciplinary charges against plaintiff.

18. Upon information and belief, one or more attorneys from the law firm of Keane & Beane, P.C. recommended to the defendant Town the appointment of Joseph Wooley to be a hearing officer.

19. Upon information and belief, one or more attorneys from the law firm of Keane & Beane, P.C. recommended to the defendant Town's Town Attorney (or her office) the appointment of Joseph Wooley to be a hearing officer.

20. Specifically, upon information and belief, Mr. Klein hand-selected the Town's choice of a hearing officer in the disciplinary case, in order to ensure a conviction, regardless of any evidence or lack thereof.

21. Upon information and belief, Mr. Klein and his law firm, Keane & Beane, P.C., have recommended Mr. Wooley to municipalities or school districts on other occasions for appointment as a hearing officer.

***July 11 through November 1, 2006 disciplinary hearing***

22. Upon information and belief, the defendant Town took no steps to inform plaintiff of the appointment of Joseph Wooley as a hearing officer in her disciplinary case.

23. Upon information and belief, Mr. Wooley first identified himself, via faxed letter, to plaintiff's PBA attorney on June 30, 2006.

24. Mr. Wooley did not, upon information and belief, identify himself to plaintiff or her PBA counsel prior to June 29, 2006.

25. On June 30, 2006, plaintiff and her undersigned counsel were informed by plaintiff's PBA counsel that that a disciplinary trial, regarding September 2004 disciplinary charges, would begin on July 11, 2006.

26. Plaintiff immediately began taking steps to prepare a defense against the disciplinary charges.

27. Upon information and belief, the disciplinary charges were bogus, concocted, retaliatory and designed to coerce plaintiff into settling her federal discrimination lawsuit.

28. As a result, plaintiff necessarily spent many hours of personal time preparing a defense to the disciplinary charges.

29. Upon information and belief, plaintiff is entitled to compensation for all personal time reasonably spending on preparing a defense to defendant's bogus and retaliatory disciplinary charges, because it is in defendant's interest, as a public employer, to obtain sound evidence from its employee regarding the disciplinary allegations, as well as sound evidence regarding the retaliation undertaken by the defendant Town's representatives. Plaintiff was never paid any wages or salary for this preparation time, nor has defendant Town offered to pay such. Upon information and belief, plaintiff is entitled to be compensated for this preparation time, in the unique circumstances of this case.

30. The disciplinary trial commenced on July 11, 2006.

31. The disciplinary trial was undertaken by the Town as a formal proceeding, with Mr. Wooley acting as hearing officer, Mr. Klein acting as the prosecutor on behalf of the Chief of Police, and plaintiff deemed a respondent.

32. On July 11, 2006, and on all trial dates thereafter, plaintiff attended the trial, in her police uniform.

33. Plaintiff at all relevant times was and is a public employee who has a protected property interest in her public employment.

34. Plaintiff's attendance at the disciplinary trial was a necessary part of her public employment.

35. Defendant Town has a public interest in supervising the proper performance of its employees, including ascertaining when discipline is required, and when it is not required or appropriate.

36. As part of her employment, plaintiff is paid for her work on an hourly basis, and also earns time accruals such as vacation time, sick leave and personal leave.

37. Upon information and belief, plaintiff's hourly rate of pay during the periods in question was approximately $58.32 per hour.

***Unpaid wages and overtime for attendance at disciplinary trial***

38. Upon information and belief, attendance by a public employee at his or her own formal disciplinary trial is an activity for which the employee is entitled to be compensated.

39. The defendant Town, and its police department, intentionally refused to compensate plaintiff for the time she spent reasonably preparing for and attending her disciplinary trial.

40. The defendant Town also refused to pay plaintiff any overtime compensation for the time plaintiff worked by plaintiff exceeding 40 hours in her work week.

41. Upon information and belief, the plaintiff timely requested compensation for overtime worked on the following dates: July 11, 2006 (four hours); August 8, 2006 (five hours), September 6, 2006 (6.25 hours), September 8, 2006 (5 1/2 hours) September 14, 2006 (eight hours), September 20, 2006 (five hours), October 17, 2006 (five hours), October 18, 2006 (five hours), and November 1, 2006 (five hours).

42. Upon information and belief, plaintiff was not paid wages or overtime for a total of 53.75 hours during the period July 11 through November 1, 2006, for her time actually attending her disciplinary trial.

43. Upon information and belief, plaintiff was also "docked" 11 hours of time accruals for other time she spent attending her disciplinary trial.

44. Upon information and belief, plaintiff's regular rate of pay, for the time periods in question, was $58.32.

6

45. Upon information and belief, plaintiff's overtime rate of pay, for the time periods in question, was $87.48.

46. Upon information and belief, for the above mentioned dates, plaintiff was also entitled to a meal allowance of $50.

47. Upon information and belief, plaintiff's unpaid compensation due her but not paid by defendant Town are as follows:

    a. wages                  $ 641.52
    b. overtime              $4,702.05
    c. meal allowance         50.00
                             Total: **$5,343.57**

48. Upon information and belief, the defendant Town's representative (Captain Robert Zimmerman or Chief Kevin Nulty) denied payment for the above-referenced overtime and meal allowance.

***Intentional Violation***

49. Upon information and belief, defendant Town's denial of wages and overtime for attendance at formal disciplinary proceedings was made in knowing violation of the requirements of the FLSA.

### FIRST CAUSE OF ACTION—
### THE FAIR LABOR STANDARDS ACT OF 1938

50. Plaintiff hereby repeats and realleges each allegation contained above.

51. Defendant's actions violate the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.

52. Defendant has intentionally deprived plaintiff of wages and overtime to which she is entitled under the FLSA.

53. Upon information and belief, defendants refused to pay plaintiff for her attendance at what defendant regards as formal quasi-judicial administrative proceedings.

54. Upon information and belief, on no prior occasion has any police officer not been paid for attending his or her own disciplinary proceeding.

55. Upon information and belief, on no prior occasion has any police officer not been paid for attending adjudicatory proceeding for which the officer was called to testify in connection with knowledge of facts acquired in connection with the performance of police duty for the defendant Town.

56. Upon information and belief, during plaintiff's employment as a police office for the defendant Town, on no occasion prior to July 11, 2006 has any police officer not been paid for attending administrative or judicial proceeding relating to his or her law enforcement activities.

57. Upon information and belief, the only reason plaintiff has not been paid for attending disciplinary proceedings brought against her is that she is a woman who opposes illegal discrimination and retaliation by the defendants.

58. Plaintiff has been damaged thereby.

## SECOND CAUSE OF ACTION—
## DEPRIVATION OF WAGES AND OVERTIME UNDER N.Y.S. LABOR LAW

59. Plaintiff hereby repeats and realleges each allegation contained above.

60. Defendant's actions violate the wage and overtime provisions of the New York State Labor Law.

61. Defendant has intentionally deprived plaintiff of wages and overtime to which she is entitled under the N.Y.S. Labor Law.

62. Plaintiff has been damaged thereby.

## THIRD CAUSE OF ACTION—
## DEPRIVATION OF WAGES AND OVERTIME OF PLAINTIFF'S CO-WORKERS

63. Plaintiff hereby repeats and realleges each allegation contained above.

64. Upon information and belief, defendant Town, in connection with plaintiff's disciplinary trial, wrongfully refused to pay the wages of coworkers called by plaintiff's to testify at plaintiff's disciplinary hearing.

65. Upon information and belief, is the custom and practice of defendant Town to pay its police officers for their attendance at administrative, civil and criminal adjudicatory proceedings when called as witnesses.

66. On behalf of such co-workers, plaintiff is authorized to make a claim under section 217 of the FLSA.

67. By refusing to pay coworkers salary and overtime due them, defendant Town is fostering a climate of lawlessness in town government.

68. By refusing to pay coworkers salary and overtime due them, after being called to testify at this very proceedings on plaintiff's behalf, defendant Town is encouraging the creation of hostility towards plaintiff.

69. Plaintiff, and her colleagues, have been damaged thereby.

70. This is an ongoing wrong, which also requires corrective action in the form of declaratory and injunctive relief, requiring payment of wages and, if appropriate, overtime, to plaintiff's coworkers who provided testimony at her disciplinary trial.

## FOURTH CAUSE OF ACTION—
## DEPRIVATION OF CONTRACTUAL BENEFITS

71. Plaintiff hereby repeats and realleges each allegation contained above.

72. Plaintiff has been deprived of a meal allowance and other contractual benefits to which she is entitled under the terms of her employment with the Town, for which she has not been paid.

73. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff prays that this Court grant judgment to her for the following relief:

1. An award of plaintiff's wages and overtime;
2. An award of liquidated damages in an equal amount;
3. Injunctive relief regarding wage and overtime illegalities regarding plaintiff's co-workers.
4. An award of reasonable attorneys' fees and the costs of this action;
5. Such other and further relief as this Court may deem just and proper.

Dated: Stony Point, New York
December 14, 2006

MICHAEL D. DIEDERICH, JR.
*Attorney for Plaintiff*   *(MD 2097)*
361 Route 210
Stony Point, N.Y. 10980
845-942-0795
Mike@DiederichLaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
LORRAINE WETZEL,

                          Plaintiff,
-against-


TOWN OF ORANGETOWN,

                          Defendant.
-------------------------------------------------------------------

## FLSA COMPLAINT

                    MICHAEL D. DIEDERICH, JR.
                    *Attorney for Plaintiff*   *(MD 2097)*
                    361 Route 210
                    Stony Point, N.Y. 10980
                    845-942-0795