UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

LORRAINE WETZEL,

                Plaintiff,

      -against-

TOWN OF ORANGETOWN,

                Defendant.
----------------------------------------------------------------x

**DEFENDANT'S**
**RULE 56.1 STATEMENT**

06 Civ. 15190 (SCR)

      Pursuant to Local Rule 56.1(b) of the United States District Court for the Southern District of New York, Defendant Town of Orangetown hereby asserts there is no genuine and material dispute to be tried as to the following facts:

      1.    The disciplinary hearing that is the subject of the instant action commenced on July 11, 2006 and continued on August 4, 2006, September 6, 2006, September 8, 2006, September 14, 2006, September 20, 2006, October 17, 2006, October 18, 2006 and November 1, 2006. (Klein Decl., ¶ 6).

      2.    Plaintiff attended each day of the hearing with her attorney voluntarily. (Klein Decl., ¶ 7).

      3.    On the hearing date of July 11, 2006, Plaintiff had been scheduled to work from 7:00 a.m. to 3:00 p.m. (Zimmerman Decl., Exhibit A). On that day, Plaintiff performed her normal work duties until shortly before the hearing began, and then she advised the sergeant who was on-duty that she was leaving to attend her hearing. (Klein Decl., Exhibit B, p. 39).

      4.    Plaintiff did not perform any of her regular duties as a police lieutenant while she attended her disciplinary hearing on July 11, 2006. (Klein Decl., Exhibit B, pp. 41-43).

5. On the hearing dates of August 4, 2006, September 20, 2006, October 17, 2006, October 18, 2006 and November 1, 2006, Plaintiff was scheduled to work from 3:00 p.m. to 11:00 p.m. (Zimmerman Decl., Exhibit A). On those dates, when Plaintiff's hearing concluded for the day, Plaintiff advised an administrative officer who was on-duty that she was available to assume her regular duties as a police lieutenant. (Klein Decl., Exhibit B, pp. 54-56).

6. Plaintiff did not perform any of her regular duties as a police lieutenant while she attended her disciplinary hearing on August 4, 2006, September 20, 2006, October 17, 2006, October 18, 2006 and November 1, 2006. (Klein Decl., Exhibit B, pp. 67-69).

7. During her absences from work on July 11, 2006, August 4, 2006, September 20, 2006, October 17, 2006, October 18, 2006 and November 1, 2006, the Department made arrangements for another administrative officer (a sergeant) to cover Plaintiff's duties. (Klein Decl., Exhibit B, pp. 39-43; Zimmerman Decl., ¶ 14).

8. Two hearing dates — September 8, 2006 and September 14, 2006 — occurred on days when Plaintiff was not scheduled to work. (Zimmerman Decl., Exhibit A). During those hearing dates, Plaintiff did not perform any of her regular duties as a police lieutenant. (Klein Decl., Exhibit B, p. 66).

9. The Chief of Police presented his case against Plaintiff through a single witness and rested on the morning of the second day of the hearing. (Klein Decl., ¶ 8). Thereafter, Plaintiff called and elicited testimony from nine (9) witnesses over the course of the remaining hearing dates. (*Id.*).

10. Throughout the disciplinary hearing, Plaintiff observed the proceedings, took notes and communicated with her attorney. (Klein Decl., Exhibit B, pp. 45, 58-59, 65, 67-68). No one from the Town of Orangetown Police Department directed Plaintiff to take notes at her disciplinary hearing. (*Id.*, pp. 45-46). Plaintiff shared a copy of her notes with her attorney, and with no one else. (*Id.*, pp. 45-47). At her deposition, Plaintiff asserted that the notes she took at her disciplinary hearing were subject to attorney-client privilege. (*Id.*, pp. 63-64).

11. Plaintiff was not directed to be present at her disciplinary hearing by anyone from the Town of Orangetown Police Department. (Klein Decl., Exhibit B, p. 71; Zimmerman Decl., ¶ 12).

12. Plaintiff attended her disciplinary hearing solely to assist her counsel and defend her own interests. (Klein Decl., Exhibit B, p. 71).

13. The Town of Orangetown Police Department derived no benefit from Plaintiff's attendance at her disciplinary hearing. (Klein Decl., Exhibit B, p. 97; Zimmerman Decl., ¶ 14).

14. Plaintiff is not paid on an hourly basis by the Town of Orangetown and she is not considered an "hourly employee." In 2006, Plaintiff received an annual salary of $106,200.00 that was set by contract and paid on a bi-weekly basis. (Zimmerman Decl., ¶¶ 4-6).

15. Plaintiff received all of her regular wages for the dates she attended her disciplinary hearing. The Town only reduced her accrued vacation leave for the time she spent attending her disciplinary hearing when she was otherwise scheduled to work a regular tour of duty. (Zimmerman Decl., ¶ 13).

16. Plaintiff's job responsibilities as a police lieutenant are administrative and supervisory in nature. (Zimmerman Decl., ¶ 7; Klein Decl., Exhibit B, p. 12). Plaintiff directly supervises a squad of approximately 13 police officers and 2 sergeants. (Zimmerman Decl., ¶ 7 Klein Decl., Exhibit B, p. 13). Plaintiff's supervisory duties include, but are not limited to: serving as a member of interview panels and making recommendations for promotions, new hires and special assignments; monitoring sick leave and overtime usage; inspecting vehicles and equipment; ensuring that recovered property and evidence is handled in accordance with Departmental guidelines; providing leadership guidance and training to subordinate officers; making recommendations for training subordinate officers; evaluating the performance of subordinate officers; making recommendations for disciplining subordinate officers; exercising judgment and discretion in directing and supervising the work of subordinate officers; directing subordinate officers to respond to specific matters. (Zimmerman Decl., ¶ 7 Klein Decl., Exhibit B, pp. 13-21).

17. At all relevant times, the Town of Orangetown Police Department has utilized a 15-day work period for most of its members, including Plaintiff. (Zimmerman Decl., ¶ 8).

18. Plaintiff did not work in excess of 92 hours in any of the 15-day work cycles in which she attended her disciplinary hearing. In fact, throughout the period from July 2006 to December 2006, she generally worked far less than 92 hours per 15-day work cycle. (Zimmerman Decl., ¶¶ 9-11).

19. In June 2007, a Report and Recommendation was issued by the Hearing Officer from Plaintiff's disciplinary hearing to the Town Board of the Town of Orangetown for its review and consideration. (Klein Decl., Exhibit B, p. 13).

20. On December 10, 2007, after reviewing the Report and Recommendation of the Hearing Officer and listening to argument from the parties' respective counsel, the Town Board found Plaintiff guilty of all but two (2) charges and imposed a 10-day suspension without pay as the penalty. (Klein Decl., Exhibit B, p. 14).

21. Plaintiff filed a grievance under the then-operative Collective Bargaining Agreement between the Town of Orangetown and the Orangetown PBA concerning her claim for compensation and meal allowances for the time she spent attending her disciplinary hearing. (Klein Decl., ¶ 16).

22. The aforementioned grievance was placed in abeyance pending the outcome of this action and therefore remains pending. (Klein Decl., ¶ 17).

Dated: White Plains, New York
April 9, 2010

Respectfully submitted,

**KEANE & BEANE, P.C.**

By: _____
Edward J. Phillips
Attorneys for Defendant
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
(914) 946-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LORRAINE WETZEL,

                Plaintiff,                  **AFFIDAVIT OF SERVICE**

      -against-

                                                                 06 Civ. 15190 (SCR)

TOWN OF ORANGETOWN,

                Defendant.
------------------------------------------------------------------X

STATE OF NEW YORK       )
                                      )SS.:
COUNTY OF WESTCHESTER  )

      **PATRICIA ENGELS**, being duly sworn, deposes and says:

    I am not a party to this action, am over 18 years of age and reside at c/o Keane & Beane, P.C., 445 Hamilton Avenue, 15th Floor, White Plains, New York 10601.

    On the 9th day of April 2010, I served a true copy of the annexed **DEFENDANTS' RULE 56.1 STATEMENT** in this action by mailing a true copy thereof enclosed in a post-paid wrapper, by first class mail, by depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State to the following address:

                **MICHAEL D. DIEDERICH, JR., ESQ.**
                361 Route 210
                Stony Point, NY 10980

                                                             _____
                                                                   **PATRICIA ENGELS**

Sworn to before me this
9th day of April, 2010

_____
Notary Public

CATHY PIZZONIA
Notary Public, State of New York
No. 01PI15053178
Qualified in Westchester County
Commission Expires 12/11/2013